**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERIN VOGEL, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> MCCARTHY, BURGESS & WOLFF, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Erin Vogel brings this action to secure redress from unlawful credit and collection practices engaged in by defendant McCarthy, Burgess & Wolff, Inc. ("MBW"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff Erin Vogel is an individual who resides in the Northern District of Illinois.

10. Defendant MBW is an Ohio corporation with offices at 26000 Cannon Road, Cleveland, Ohio 44146. It does business in Illinois. Its registered agent and office is National Registered Agents, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. MBW states on its web site that it "has grown to be one of the largest collection agencies in the U.S., having collected more than ($1 Billion) for our clients over the last decade." (http://www.mbandw.com/index.php/about/)

12. MBW uses the mails and telephone system to collect debts for others.

13. MBW's clients include the Budget, Avis and Payless rental car chains.

14. MBW holds a collection agency license from the state of Illinois.

15. MBW is a debt collector as defined in the FDCPA.

## FACTS

16. Defendant has been attempting to collect from plaintiff an alleged debt consisting of charges for a car rental from Payless Car Rental, for personal, family or household purposes.

17. On or about June 2, 2017, defendant sent plaintiff the initial collection letter attached as Exhibit A.

18. Plaintiff timely disputed the debt.

19. On or about July 20, 2017, defendant sent plaintiff the letter and enclosure attached as Exhibit B.

20. Exhibit B includes an invoice showing that much of the claimed debt in Exhibit A consists of add-on charges, including "miscellaneous charges," "late fee," and "optional services."

21. The inclusion of add-on charges in Exhibit A, without identifying them or even indicating that the debt included such items, is a deceptive practice. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004).

22. As a result of the attempt to recover an apparently inflated bill, plaintiff was required to spend time and money, and ultimately to retain counsel, to deal with the issue.

## COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. Defendant violated 15 U.S.C. §1692e by sending an initial collection letter seeking a gross amount of $3,036.83 without disclosing that the debt included "miscellaneous charges," "late fee," and "optional services."

25. Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

3

>**(A) the character, amount, or legal status of any debt; or**
>
>**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
>**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

27. The class consists of (a) all individuals (b) to whom MBW sent a collection letter (c) to a residential address (d) to collect a debt arising from a car rental (e) that included charges for "miscellaneous charges", "late fee," or "optional services" (f) which letter was sent during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

28. On information and belief, the class is so numerous that joinder of all members is not practicable.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant's failure to identify add-on charges violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights;

    c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.  Statutory damages;

    ii.  Attorney's fees, litigation expenses and costs of suit;

    iii.  Such other and further relief as the Court deems proper.

    /s/Daniel A.Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)